Bin gel, J.
(dissenting). Defendant was convicted of a violation of section 436-1.0 of the Administrative Code of the City of New York, in that he permitted dancing in his licensed bar and gTill without having a cabaret license.
*356 The term “ cabaret ” is defined as “ any room, place or space in the city in which any musical entertainment, singing, dancing or other similar amusement is permitted in connection with the restaurant business or the business of directly or indirectly selling to the public food or drink (Administrative Code, § 436-1.0, subd. a., par. 3.)
The People’s witness testified that there were 20 people in the premises at the time, 4 of whom were dancing. He also testified that there was a dance floor in the premises about 12 of 15 by 8 feet, with tables encircling same. He also stated he observed the dancing for seven or eight minutes.
In effect, defendant entered a general denial, said no dancing had taken place, that he does not permit dancing in the premises and that he had four signs posted prohibiting dancing.
As stated by the learned Magistrate below, this matter resolved itself into a pure question of fact. Who was to be believed? Both appellant and respondent also agree, according to their briefs, that this is a question of fact.
When truth hangs upon the credibility of witnesses, the decision of the trial court should be given the greatest weight. (Amend v. Hurley, 293 N. Y. 587, 594 and cases cited.)
‘ ‘ The memory, motive, mental capacity, accuracy of observation and statement, truthfulness and other tests of the reliability of witnesses can be passed upon with greater safety by those who see and hear than by those who simply read the printed narrative ”. (People v. Gaimari, 176 N. Y. 84, 94.)
Accordingly, the judgment of conviction should be affirmed.
Acquavella, J., concurs with Gassman, P. J.; Ringel, J., dissents in opinion.
Judgment reversed, etc.